KING *v.* STATE.

(*Nashville.*   February, 7, 1889.)

1. CRIMINAL LAW.   *Custody of jury pending trial.   Act 1887, Chapter 158, unconstitutional.*

Act 1887, Chapter 158 providing that, in a certain class of criminal trials, " it shall not be necessary for the presiding Judge to place the jury in charge of an officer, *but the jury may, in the discretion of the Court, disperse, as in other cases,*" is unconstitutional, because it substitutes the Judge's *uncontrolled discretion* for the *rule of law,* and thereby confers upon him legislative power.

(See Tillman *v.* Cocke, 9 Bax. 429.)

2. SAME.   *Same.   Power of Legislature.*

The Legislature has power, by a proper statute, to authorize the courts to disperse juries in the character of cases mentioned in this Act.

FROM WILSON.

Appeal in error from Circuit Court of Wilson County.   ROBERT CANTRELL, J.

King was indicted for felonious assault with intent to commit murder in second degree.   Upon his trial the jury were at first permitted to disperse without objection.   Subsequently, upon his request, they were placed in charge of a sworn officer.   He was convicted and sentenced to imprisonment in the penitentiary.   He appealed.

J. J. TURNER and R. E. THOMPSON for King.

Attorney-General PICKLE for State.

TURNEY, C. J. Chapter 158 of the Acts of 1887, passed March 21, 1887, is entitled "An act to change the practice in the Circuit and Criminal Courts of the State in regard to putting criminal juries under the rule," and provides "that in all criminal trials, when the minimum degree of punishment for the crime charged in the indictment is not above one year in the penitentiary, it shall not be necessary for the presiding Judge to place the jury in charge of an officer, but the jury may, in the discretion of the Court, disperse, as in other cases, and the State shall not be chargeable for their board."

This statute does not in terms or by implication repeal the general law requiring juries in felony cases to be placed in charge of an officer and kept apart from other citizens. It undertakes to confer upon each Judge of the Criminal and Circuit Courts the power to suspend the general law, the Judge's discretion being the only rule for his conduct.

The statute before us permits the Judge to have one rule in one case and the opposite rule in another case, in the same county and at the same term of the Court. Under it he may have a discretion to be exercised in one county, and the reverse of that discretion in another county. There

is nothing in the Act defining, controling, or lim-
iting that discretion. He is not required to give
or have a reason for its exercise the one way or
the other, and therefore, when he says the jury in
this criminal case may disperse, and the jury in
that criminal case shall go under the rule, the
question is settled. Whether he is influenced in
the one case by personal considerations for one or
more of the jury, or in the other by motives of
public policy, can make no difference. He is the
sole judge of the question, and his reasons are
his own, and there is no authority anywhere to
inquire into them.

The statute is a broad conference of legislative
power to abolish, suspend, modify, or enforce a
general law.

Acting under the authority of this statute, we
will necessarily have different rules in different cir-
cuits, and in different counties of the same cir-
cuit. A statute that cannot be reduced to a gen-
eral rule to operate in all parts of the State alike
is not a general law. To make a general law, it
must be so drawn as to be susceptible of one
construction as applicable to the entire State.

The discretion, as already said, is for the Judge
alone. His determination is the law of the par-
ticular case in which he has exercised it, and is
not subject to review or revision. The induce-
ment to his action is his individual secret.

Suppose, however, it shall be conceded that he
may be reviewed. We ask how are we to inau-

King *v.* State.

gurate the proceedings of review? Nothing has happened at the trial to show an improper exercise of discretion, and therefore no record of the trial can put him in error. Then the question must arise on motion for new trial, supported by affidavits or other testimony of witnesses, with counter testimony, which would make the trial in this Court a departure from the trial in the inferior Court, the only question here being, Was the discretion properly exercised? in which case it would often be attempted to inquire into and impugn the motive of the Judge.

It is the duty of the Legislature to make the law, and of the Courts to enforce. The Legislature cannot say to the Courts, You may enforce the law or not in your discretion, or you may suspend it or not in your discretion.

The general law remaining, it must be enforced in all cases unless the Judge shall, by this statute, be permitted to say, I suspend it. When he makes the order on his minutes to that end he has performed a legislative and not a judicial act —an act the law has not commanded; an act that was not law until he saw proper to declare it so; an act that he may do and undo at will. He may disperse the jury to-day, and put the same jury under rule to-morrow. He is bound to no rule of action, and accountable to no one for his action. He is a legislative and a judicial compound—something not recognized in our institutions.

If this had been a general law authorizing the Court to disperse juries in the character of cases mentioned, except upon cause shown for the rule, or cause without qualification, the question would have been different.

Other objections taken to the action of the Court are not sustained.

The statute being unconstitutional, it was error to permit the jury to disperse, and the judgment is reversed.